**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **CLARIMUNDO DASILVA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **25-12970-FDS** |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

Clarimundo Dasilva, who is proceeding *pro se*, has filed a civil complaint against the

United States, alleging that employees of the Federal Bureau of Investigation unlawfully invaded

his home on January 17, 2013, searching for an individual who did not reside there. (Dkt. No.

1). Plaintiff also filed a "Motion Rule 56," in which he seeks damages for the FBI's allegedly

unlawful search of his property on May 27, 2015. (Dkt. No. 5). In addition, plaintiff filed a

motion for leave to proceed *in forma pauperis*. (Dkt. No. 2). For the reasons stated below, the

court will grant plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the motion for leave to proceed *in forma pauperis*, the court concludes

that plaintiff has adequately shown he is unable to pay the $405 fee. Accordingly, the court will

grant the motion.

**II.     Review of the Complaint**

When a litigant is allowed to proceed without payment of the filing fee, the Court

conducts a preliminary screening of the complaint before requiring a defendant to respond. The

court may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting that review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The complaint fails to state a claim upon which relief can be granted based on the sovereign immunity of the United States. The United States (including its various branches, departments, agencies, and officials acting in their official capacities) has immunity from suit except in those instances in which it has expressly consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Harper v. Rettig*, 46 F.4th 1, 5 (1st Cir. 2022). Sovereign immunity is jurisdictional, and "deprives courts of the power to hear suits against the United States absent Congress's express consent." *United States v. Miller*, 604 U.S. 518, 527 (2025). A waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Harper*, 46 F.4th at 6. Here, the complaint does not assert a claim for which the United States has waived its sovereign immunity.

The Federal Tort Claims Act ("FTCA") does provide a limited waiver of the United States to permit an action against the United States for certain injuries caused by the wrongful acts of government employees while acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). However, a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the "appropriate Federal agency" and (2) the agency finally denies the administrative claim or six months pass without a final denial of the administrative claim, whichever comes first. 28 U.S.C. § 2675(a). The administrative tort claim must be filed within two years of the date the claim accrued. *See* 28 U.S.C. § 2401(b). This administrative-remedy exhaustion requirement is jurisdictional, and it

2

must be completed before a plaintiff files a claim under the FTCA in federal court.  *See McNeil v. United States*, 508 U.S. 106, 111-12 (1993); *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006).  Here, the complaint does not allege that plaintiff has satisfied that administrative claim requirement.

## III.    Conclusion

For the foregoing reasons:

1.    The motion for leave to proceed *in forma pauperis* is GRANTED.

2.    The "Motion Rule 56" is DENIED.

3.    If plaintiff wishes to proceed with this action, he must, within 35 days (that is, by July 13, 2026), show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted.  Failure to do so will result in dismissal of this action without prejudice.

**So ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 8, 2026                         United States District Judge

3